## Commonwealth ex rel. Thompson v. Hendrick (No. 2)

*Alphonso Thompson*, p. p., relator.

*Charles J. Bogdanoff*, Assistant District Attorney, for respondent.

CARROLL, P. J., August 30, 1963.—Relator herein was before the court on May 6, 1963, with a petition for a writ of habeas corpus pertaining to a charge of assault and battery on which he was committed to the County Prison. He alleged that he had been attacked by certain persons, but that he, himself, had been held by a magistrate on a charge of assault and battery. It also included a motion to nolle pros. He complained, among other things, of injustices imposed upon him at the hands of the police, the magistrate and a bondsman.

The petition, however, did not state that he was being held not only on the one charge of assault and battery, but for two separate and distinct charges, for one of which bail had been entered and withdrawn.

The petitioner prayed that, having proved a prima facie case of "innocence" before the magistrate, the court not release him as being unlawfully detained, but grant his motion to nolle pros the assault and battery case "thereby removing this stigma from relator's record" and acquitting him of all the charges on which he was detained "and to rule the detainer warrant . . . lodged against him be declared null and void thereby dismissing same" and asked the court to wrap up all of his complaints in a judicial opinion.

Even if relator's petition were pertinent, his confinement would not be illegal. After relator had been arrested on the assault charge, he was released on bail. Subsequently, he was arrested on an auto theft charge, which resulted in his confinement when he could not post bail. Shortly thereafter, his bondsman withdrew bail on the assault charge, and filed a bail piece against him, which acted as a detainer. Therefore, he is presently confined on three separate, unrelated charges. With respect to the auto theft charge, he filed a petition for a writ of habeas corpus, very similar to the instant petition. That petition was dismissed by Judge Griffiths, who filed an opinion on June 10, 1963, which is likewise before the Superior Court. See 31 D. & C. 2d 494.

It should be noted that when the relator appeared before the court, he indicated that he would try his own case and did not desire an attorney although shortly before the testimony was concluded, Cecil Moore, Esq. appeared for him as his counsel. His conduct in open court was of such a nature that he was held in contempt and prompted the court to make an inquiry, the response to which indicated that he had a psychiatric

examination on a previous occasion by direction of another court, the finding of which being "that he has anti-social trends." This, of course, is consistent with his record of burglary, use of drugs, aggravated assault and battery, and indecent assault on a female. All of these offenses are unrelated.

In view of the above and the fact that the relator's case has been listed many times, it is quite clear that the main thrust of defendant's petition is to avoid trial. Neither the petition itself, nor the statements of the petitioner at the bar of the court were pertinent to his claim of illegal confinement. In the main, they had to do with the conduct of the police, the magistrate, the bondsman, and many other irrelevant matters.

Accordingly, we dismissed the petition at bar.